**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| WILLIAM S. EDENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-03038 (APM) |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This action arises from Plaintiff William S. Edens's termination as a probationary employee with Defendant United States Postal Service ("Postal Service"). *See* Compl., ECF No. 1 [hereinafter Compl.]. The court assumes that the parties are familiar with Plaintiff's allegations and refers to them here only as necessary to resolve Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 8 [hereinafter Def.'s Mot.]. Applying the familiar principles governing motions to dismiss for failure to state a claim, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the court rules as follows.

**I.**

*First*, Plaintiff's claim under the Administrative Procedure Act ("APA") (Count One) is dismissed. It is settled that the Postal Service "is exempt from review under the Administrative Procedure Act." *Mittleman v. Postal Regul. Comm'n*, 757 F.3d 300, 309 (D.C. Cir. 2014) (internal quotation marks omitted) (quoting *N. Air. Cargo v. U.S. Postal Serv.*, 674 F.2d 852, 858 (D.C. Cir. 2012)); *see also* 39 U.S.C. § 410(a). Plaintiff responds that the Postal Service is judicially estopped from denying that it is subject to the APA's reasoned decisionmaking standard because the Postal Service acceded to that standard in a different case, *Sears, Roebuck & Co. v. U.S. Postal Service*,

844 F.3d 260, 265 (D.C. Cir. 2016). *See* Pl.'s Mem. of P. & A. in Opp'n to Def.'s Mot. to Dismiss

Pl.'s Compl., ECF No. 9 [hereinafter Pl.'s Opp'n], at 11–12. But as the Postal Service points out,

"'[t]here must be a discernable connection between the two proceedings' to warrant the application

of judicial estoppel," Def.'s Reply in Supp. of Def.'s Mot., ECF No. 12, at 2 (alteration in original)

(quoting *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 799 (D.C. Cir. 2010)), and here there is

none. Judicial estoppel therefore does not apply.

## II.

*Second*, the court rejects the Postal Service's arguments for dismissal of Plaintiff's *Accardi*

claim. For starters, the *Accardi* doctrine is not co-extensive with, nor does it derive from the APA,

as the Postal Service contends, *see* Def.'s Mot., Def.'s Mem. of P. & A. in Support of Def.'s Mot.,

ECF No. 8-1 [hereinafter Def.'s Mem.], at 12–13. *See Lopez v. FAA*, 318 F.3d 242, 247 (D.C. Cir.

2003) (stating that "'a court's duty to enforce an agency regulation, while most evident when

compliance with the regulation is mandated by the Constitution or federal law,' embraces as well

agency regulations that are not so required." (alterations omitted) (quoting *United States v.

Caceres*, 440 U.S. 741, 749 (1979))). So, the fact that the Postal Service is not subject to the APA

does not foreclose Plaintiff's *Accardi* claim.

Next, the Postal Service argues that the claim fails because the regulation that Plaintiff

asserts the agency did not follow—section 521 of the Postal Service Employee Handbook—does

not apply to him. *See* Def.'s Mem. at 13 (citing Def.'s Mot., Ex. A, Postal Service Employee

Handbook, ECF No. 8-2 [hereinafter Postal Service Employee Handbook], § 521). Section 521

provides: "Before applicants may be disqualified on the basis of derogatory information other

than that in the application, they must be given an opportunity to comment on the information,"

and that such "opportunity is provided by a letter of inquiry in which the facts are stated with

enough specificity to enable the applicant to understand the details of the suitability concern." *Id.*
at 11 (internal quotation marks omitted) (quoting Postal Service Employee Handbook § 521).  The
Postal Service argues that, because Plaintiff was not an "applicant" but a probationary employee
when his employment was terminated, he was not covered by section 521.  *See id.* at 13.  But it is
at least plausible that Plaintiff did qualify for section 521's protections because of the provisional
nature of his employment.  Plaintiff's conditional job offer stated:  "This job offer and any
subsequent employment *are conditioned on* your meeting medical, eligibility, suitability, and
background-investigation requirements. . . .   Your effective date will be determined once you
complete the necessary information and post-offer checks described above."  Pl.'s Opp'n, Ex. B,
ECF No. 9-2 (emphasis added).  Plaintiff's termination letter also began, "This refers to your
application for a background investigation," and referred to Plaintiff as the "applicant" when
describing why he did not pass the investigation, *see* Compl., Ex. F, ECF No. 1-8 ("The applicant
was the subject of a Postal Inspection Service Investigation and resigned while under investigation
for misconduct and inappropriate behavior in the workplace.  The applicant was pending dismissal
for duty prior to resigning.").  Viewing these communications in the light most favorable to
Plaintiff, it is plausible that he was deemed an "applicant" for purposes of section 521.

Finally, emphasizing that Plaintiff received notice of the reason for his termination and
took advantage of the opportunity to appeal, the Postal Service contends that the *Accardi* claim
cannot succeed because Plaintiff has not sufficiently pleaded prejudice.  Def.'s Mem. at 13–14.
"Where the violation of a procedural regulation is deemed harmless, the personnel action will not
be adjudged void.  However, a procedural error is not made harmless simply because the
government employee appears to have had little chance of success on the merits anyway."
*Mazaleski v. Treusdell*, 562 F.2d 701, 719 n.41 (D.C. Cir. 1977).  The court cannot say at this stage

that it is implausible that the alleged procedural error was harmful. *Cf. id.* at 719 ("Where, as here, a government employee has no procedural due process rights apart from those which the agency has chosen to create by its own regulations, scrupulous compliance with those regulations is required to avoid any injustice.").

### III.

*Third*, the court finds that Plaintiff's "stigma plus" theory of a due process violation is sufficiently pleaded.  The Postal Service contends that Plaintiff's "stigma plus" theory fails because the adverse actions taken against Plaintiff—his loss of employment and the rejection of subsequent bids for mail routes as a contractor—"[were] based on his own workplace behavior and conduct, and reinforced by his subsequent default on the remaining term of his contract." Def.'s Mem. at 15.  But the court must presume Plaintiff's factual pleadings to be true at this stage, and those allegations assert wrongful conduct on the part of the Postal Service.  Plaintiff alleges that, after he reported malfeasance on the part of his supervisor, she initiated a baseless Assault and Threat Specialty Report investigation and a separate suitability investigation.  Compl. ¶ 16. The latter investigation resulted in an interview and a report, which Plaintiff asserts "is filled with false and misleading statements," and he supplies at least one example of a false and misleading statement.  *Id.* ¶ 17.  Although Plaintiff ultimately resigned his route due to hostility in the workplace created by his supervisor, he rebid for his route and avers that he was not awarded the contract due to retaliation by his supervisor.  *Id.* ¶ 21.  Plaintiff also alleges that he did not receive timely notice of his contract termination, which he otherwise would have cured.  *Id.* ¶ 23.  Viewing these allegations as true and in the light most favorable to Plaintiff, it is plausible that misconduct on the part of Postal Service officials led to adverse employment actions.

Next, the Postal Service argues that Plaintiff has failed to allege that his purported preclusion from employment "is either sufficiently formal or sufficiently broad" to support a "stigma plus" theory. *See* Def.'s Mem. at 15 (internal quotation marks omitted) (quoting *Taylor v. Resolution Tr. Corp.*, 56 F.3d 1497, 1506 (D.C. Cir. 1995)). But the court need not decide this question, because Plaintiff has plausibly pleaded the alternate harm sufficient to support a "stigma plus" claim:  that "[the agency's] action formally or automatically excludes [the plaintiff] from work on some category of future [agency] contracts or from other government employment opportunities." *Kartseva v. Dep't of State*, 37 F.3d 1524, 1528 (D.C. Cir. 1994). Plaintiff alleges that he has bid on three Postal Service contracts since his dismissal and has not been selected for any of them. Compl. ¶¶ 32–35. It is thus at least plausible that Plaintiff has been formally or automatically excluded from postal carrier contracting.

Finally, the Postal Service argues that Plaintiff's claim fails because he "received all the process he was due." Def.'s Mem. at 16. But Plaintiff asserts at various points that "he had no opportunity to rebut any allegations him," Compl. ¶ 16, received belated notice to cure his contract performance, *see id.* ¶ 23, and was not afforded a chance to rebut the adverse information that led to his termination, *see id.* ¶¶ 27–28. These deprivations, if true, plausibly implicate Plaintiff's right to due process.

**IV.**

For the foregoing reasons, the Postal Service's motion to dismiss is granted in part and denied in part.  It is granted as to Plaintiff's APA claim (Count I) but denied as to his *Accardi* (Count II) and "stigma plus" claims (Count III).

Dated:  August 23, 2021

Amit P. Mehta
United States District Court Judge